ZAINEY, J.
AUGUST 4, 2005

                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD NUTTER | CIVIL ACTION |
| VERSUS | NO: 04-3150 |
| WAFFLE HOUSE, INC, ET AL. | SECTION: "A" (2) |

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 9)** filed by plaintiff Chad Nutter. Defendant, Waffle House, Inc., opposes the motion. The motion, set for hearing on July 13, 2005, is before the Court on the briefs without oral argument. For the reasons that follow the motion is DENIED.

I.    <u>**Background**</u>

Chad Nutter ("Plaintiff") filed this suit against Waffle House, Inc. ("Defendant") claiming that one of Defendant's employees served him jalapeno juice instead of orange juice. (Pla. Pet. ¶ II). Plaintiff claims that this "pepper juice" caused a severe hypertension crisis which resulted in his being hospitalized

for several days.  (Id.).  In the original petition Plaintiff alleged numerous elements of damages, (Pla. Pet. ¶ VII), but in accordance with Louisiana law Plaintiff did not plead a specific monetary amount.  See La. Code Civ. Pro. art. 893(A)(1).

Defendant propounded interrogatories upon Plaintiff and Interrogatory No. 14 requested an account of all losses and expenses incurred, past and future, in conjunction with the incident.  On October 21, 2004, Plaintiff responded with an itemized list of damages totaling $588,211.96.  (1st Exhibit to Def.'s Oppos.).  Defendant timely removed the suit to this Court based on diversity of citizenship.  (Def. Rem. Ntc.).

On May 19, 2005, nearly 6 months after removal, Plaintiff filed the instant motion to remand which he inexplicably noticed for hearing on July 13, 2005, nearly two months later.

## II. Discussion

Plaintiff asserts that at the time he filed his suit in state court the amount in controversy did not exceed $75,000.00, and that Defendant is merely assuming that Plaintiff's damages meet the jurisdictional amount.  Plaintiff's counsel points out that Plaintiff himself did not prepare or review the interrogatory responses but instead entrusted that task to his attorney.

In opposition, Defendant asserts that the case was properly removed once Plaintiff made clear via Interrogatory 14 that he was

2

seeking in excess of $75,000.00.

When a plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement is met. Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003) (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir.1993)). Defendant may meet that burden by either establishing that it is "facially apparent" that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition to show that the amount in controversy is met.  Id. (citing Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir.1999)).

In the instant case it is beyond dispute that Defendant has met its burden of demonstrating that the amount in controversy requirement is met.  Defendant's notice of removal cites verbatim the damages that Plaintiff himself claimed to be seeking when he responded to Defendant's Interrogatory 14.  Plaintiff itemized his damages and the total sought was well over one-half million dollars.  Thus, the removal petition clearly established facts in controversy to show that the amount in controversy requirement is met and Defendant was not merely *assuming* those facts.  The parties do not dispute that they are completely diverse.  Thus, the case was properly removed under this Court's diversity jurisdiction.

Plaintiff's contention that federal subject matter

3

jurisdiction was not present when he filed this lawsuit in state court is without merit.  His answer to Interrogatory 14 merely clarifies that the amount in controversy for the incident pled in his petition is in excess of $75,000.00 notwithstanding that this fact was not facially apparent from his original petition.  Further, Plaintiff's suggestion that the case should be remanded because he himself did not prepare the answers to the interrogatories is creative but not legally cognizable.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 9)** filed by plaintiff Chad Nutter should be and is hereby **DENIED**.

* * * * * * * *

*[signature]*