May 24, 2007

```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

CHAD NUTTER                              CIVIL ACTION

VERSUS                                   NO: 04-3150

WAFFLE HOUSE, INC, ET AL.                SECTION: "A" (2)
```

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 12)** filed by defendant Waffle House, Inc. Plaintiff, Chad Nutter, opposes the motion. The motion, set for hearing on May 16, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is DENIED.

## I.   BACKGROUND

Chad Nutter ("Plaintiff") filed this suit against Waffle House, Inc. ("Defendant") claiming that one of Defendant's employees served him jalapeno juice instead of orange juice. (Pla. Pet. ¶ II). Plaintiff, who suffers from severe hypertension, claims that this "pepper juice" caused a severe hypertension crisis which resulted in his being hospitalized for several days. (Id.).

Defendant now re-urges the motion for summary judgment that it originally filed on June 17, 2005.  On August 5, 2005, the Court entered an order continuing the motion to August 24, 2005.  The Court was not persuaded by Defendant's contention that the testimony of Dr. Keith Ferdinand was sufficient to establish that Defendant was entitled to judgment as a matter of law.[1]  However, the Court noted the absence in the record of any expert medical testimony to support Plaintiff's contention that "pepper juice" caused his acute hypertensive episode or "spike" in blood pressure.  Given that Plaintiff would be required to prove causation at trial the Court withheld ruling on the motion to allow Plaintiff to take the deposition of Dr. Godwin Ogbuokiri.  (Rec. Doc. 17).  Within days Hurricane Katrina devastated this area and on November 17, 2005, the parties agreed to administratively close the case pending a change in circumstances.  (Rec. Doc. 27).  On March 12, 2007, the Court granted Plaintiff's motion to reopen the case and restore it to the trial docket.  (Rec. Doc. 29).

**II.  DISCUSSION**

Defendant argues that Plaintiff has no evidence to support his claim.  Defendant argues that all medical experts deposed thus far agree that a sudden ingestion of sodium would not cause an

---

[1] Dr. Ferdinand is Plaintiff's treating physician for his condition of severe hypertension but Dr. Ferdinand did not treat Plaintiff in conjunction with the Waffle House incident.  (Rec. Doc. 17).

immediate increase in blood pressure.  Defendant contends that Dr. Ogbuokiri could only explain Plaintiff's acute hypertensive episode as being related to a possible pheochromocytoma or adrenal tumor but that Plaintiff has never been diagnosed with such a tumor.  In fact, Defendant points out that Plaintiff's medical history cites that exhaustive testing in the past had ruled out such a tumor.

In determining whether a party is entitled to summary judgment, the court views the evidence in the light most favorable to the non-moving party.  Littlefield v. Forney Indep. School Dist., 268 F.3d 275, 282 (5th Cir. 2001) (citing Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998); Tolson v. Avondale Indus., Inc., 141 F.3d 604, 608 (5th Cir. 1998)).  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  The moving party bears the burden, as an initial matter, of showing the district court that there is an absence of evidence to support the nonmoving party's case.  Id. (citing Celotex, 477 U.S. at 325, 106 S. Ct. at 2548).  If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmoving party's response.  Id.

 Upon reviewing Dr. Ogbuokiri's deposition testimony in its

3

entirety the Court concludes that Plaintiff has sufficient evidence to avoid summary judgment on the issue of causation. First, Plaintiff is entitled to the assumption that Defendant's employees did in fact serve him a spicy beverage other than the orange juice that he requested. In fact, Plaintiff contends that at least two other Waffle House employees tasted the beverage and characterized it as "pepper juice." Further, the medical records establish that Plaintiff did in fact suffer an acute hypertensive episode which had its onset at the Waffle House. Plaintiff was hospitalized for four days as a result of this episode.

Contrary to Defendant's assertion, Dr. Ogbuokiri did not testify that the possibility of a pheochromocytoma was the sole explanation for Plaintiff's hypertensive episode. Defense counsel asked Dr. Ogbuokiri if he had any other explanation for Plaintiff's crisis other than the presence of an adrenal tumor. (Depo. at 27). Dr. Ogbuokiri, like Dr. Ferdinand, was of the opinion that the pepper juice could not cause an immediate hypertensive crisis but that the symptoms that Plaintiff experienced at the Waffle House were likely related to his fear and panic upon realizing that he should not have had the spiced beverage. (Depo. at 29-30). Dr. Ogbuokiri went on to opine that by the time Plaintiff reached the emergency room enough time could have elapsed for the beverage to have been absorbed and to have caused the spike. (Depo. at 35). The stress of the situation, the absorbed beverage, and an already

4

compromised system could have been a confluence of events that would explain Plaintiff's episode. (Depo. at 41). Dr. Ogbuokiri could not in hindsight say with 100 percent certainty that this was in fact what occurred but he did offer the medical possibility. (Depo. at 38).

The proximity in time of Plaintiff's consumption of the pepper juice to his hypertensive crisis and the fact that Plaintiff has never before experienced such a sudden hypertensive crisis (Pla. Depo. at 25), when coupled with Dr. Ogbuokiri's medical explanation of the episode, is sufficient evidence to allow Plaintiff to get his case before a jury. Defendant's motion is denied.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 12)** filed by defendant Waffle House, Inc. should be and is hereby **DENIED.**

\* \* \* \* \* \* \* \*

*[signature: Jay C. Zainey]*